NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-511

DISPATCH COMMUNICATIONS, LLC

vs.

VETERANS TRANSPORTATION, LLC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial, the defendant, Veterans Transportation, LLC (Veterans), was found liable to the plaintiff, Dispatch Communications, LLC (Dispatch), for damages pursuant to a contract between the parties.  Veterans moved postjudgment for judgment notwithstanding the verdict, or, in the alternative, for a new trial.  These motions were denied, and Veterans appeals.  We affirm.

1.  Ratification.  Veterans first alleges that there was no evidence presented at trial that its agent, Raza Haider, had actual or apparent authority to enter into the agreement with Dispatch, and therefore there was no evidence for the jury to conclude that a contract existed.  Regardless of these

arguments, there was, in fact, evidence presented that Veterans ratified the subscription agreement with Dispatch, which would have allowed the jury to conclude that a contract existed.[1] Thus, we affirm the jury's verdict.[2]

When reviewing the denial of a motion for judgment notwithstanding the verdict, "[w]e view the evidence in the light most favorable to the nonmoving party, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence" (quotation and citation omitted).  Dakin v. OSI Restaurant Partners, LLC, 100 Mass. App. Ct. 92, 95 (2021).  When reviewing the denial of a motion for new trial, we review for an abuse of discretion.  W. Oliver Tripp Co. v. American Hoechst Corp., 34 Mass. App. Ct. 744, 748 (1993). Ordinarily, a motion for new trial is only granted where "the verdict is so markedly against the weight of the evidence as to suggest that the jurors allowed themselves to be misled, were swept away by bias or prejudice, or for a combination of reasons, including misunderstanding of applicable law, failed to come to a reasonable conclusion."  Id.

---

[1] Given the resolution of this matter, we do not address the alternative arguments regarding actual and apparent authority.

[2] The jury verdict slip stated that the jury found a contract to exist between the parties.  The slip did not specify under what theory of liability the jury reached their conclusion.

2

An agreement made by an agent without authority to do so can still be enforceable if the principal ratifies the agreement, by "acquiesc[ing] in the agent's action, or fail[ing] promptly to disavow the unauthorized conduct after disclosure of material facts" (citation omitted). Fergus v. Ross, 477 Mass. 563, 567 (2017). "Ratification must be based upon full knowledge of all material facts, subject, however, to the qualification that there may be ratification when one purposely shuts his eyes to means of information within his own possession and control, and ratifies an act deliberately" (quotation and citation omitted). Licata v. GGNSC Malden Dexter LLC, 466 Mass. 793, 802 (2014).

Among the evidence put forth to the jury was exhibit 9, in which Haider states in an e-mail that he "brought a copy of" the signed subscription agreement back to Veterans and was "pretty sure [that he] gave a copy to" the controller of Veterans, Mary Beth Spindler. In addition to this exhibit, Haider testified at trial that he brought back a copy of the subscription agreement to Veterans. There was also evidence that for the several months after Haider brought the agreement back to Veterans, Veterans paid Dispatch amounts in accordance with the terms of the subscription agreement. Lastly, there was evidence presented that Veterans incorporated the subscription agreement into its contract with the MBTA. From this evidence, a

3

reasonable inference could be drawn by the jury that the principal, Veterans,[3] was in possession and control of the subscription agreement, which in relevant part specified that the contract had a three-year term, and thereafter took steps in accordance with that agreement.  Even assuming that there was no authority for Haider to enter into the subscription agreement, the jury were still permitted to find a contract on the theory of ratification, and accordingly, the judge did not abuse his discretion in denying Veterans's motion for a new trial, nor did he err in denying the motion for judgment notwithstanding verdict.

2.  Liquidated damages provision.  Veterans also argues that the liquidated damages provision, which in relevant part states that "if [c]ustomer terminates [s]ervice before the completion of any [s]ervice [t]erm, [c]ustomer shall be obligated to pay all amounts due for [s]ervice under this [a]greement, . . . ." is an unenforceable penalty.  We disagree.

We review the enforceability of a liquidated damages provision de novo.  NPS, LLC v. Minihane, 451 Mass. 417, 419

---

[3] Veterans claims that the Marcou brothers are the principals of Veterans.  Pursuant to agency principles, within the context of a limited liability corporation, the "principal" here is the entity for which the agent, Haider, was acting.  Thus, the principal here is Veterans.  See generally Sunrise Props., Inc. v. Bacon, Wilson, Ratner, Cohen, Salvage, Fialky & Fitzgerald, P.C., 425 Mass 63, 66-67 (1997).

4

(2008). "Generally, a liquidated damages provision will be enforced when, at the time the agreement was made, potential damages were difficult to determine and the clause was a reasonable forecast of damages expected to occur in the event of a breach." TAL Fin. Corp. v. CSC Consulting, Inc., 446 Mass. 422, 431-432 (2006). The burden of showing that a liquidated damages provision is unenforceable lies with the party challenging its enforcement. Id. at 430. Veterans conceded that potential damages were difficult to determine at the time the agreement was made, and thus the only issue before the judge was whether the amount recoverable under the provision, which here was "all amounts due," was a reasonable forecast of damages expected to occur in the event of a breach. "[T]he reasonableness of the measure of anticipated damages depends on the circumstances of each case." NPS, LLC, supra at 420.

Veterans has not met its burden of proof, as it cites no relevant authority to indicate why the measure of anticipated damages in this case is unreasonable. In fact, our case law supports that this provision, which required Veterans to pay Dispatch no more than the total amount Veterans would have paid had there been no breach, was reasonable. See NPS, LLC, 451 Mass. at 422 (liquidated damages provision upheld where "the defendant is required to pay no more than the total amount he would have paid had he performed his obligations under the

agreement").  See generally <u>Cummings Props., LLC</u> v. <u>Hines</u>, 492 Mass. 867, 872 n.6 (2023).

<u>Amended judgment affirmed</u>.

By the Court (Meade,
  Massing & Brennan, JJ.[4]),

Clerk

Entered:  February 18, 2026.

---

[4] The panelists are listed in order of seniority.